UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>BRIAN BUTLER,<br><br>                    Defendant. | CASE NO. CR21-5019 BHS<br><br>ORDER |

This matter is before the Court on Defendant Brian Butler's motion for early termination of supervision. Dkt. 16.

On September 11, 2018, Butler was sentenced by the United States District Court for the District of Alaska to 48 months of imprisonment and 5 years of supervised release for Drug Conspiracy, in violation of 21 U.S.C §§846, 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C). Butler's term of supervision began on December 11, 2020, and is due to terminate on December 10, 2025. Western Washington assumed transfer of supervision on January 15, 2021.

Butler asserts that the Court should terminate his term of supervised release, pointing to the fact that last year, in denying Butler's previous motion for early

ORDER - 1

termination, this Court invited Butler to renew his motion if he remained in compliance with the terms of his supervision for a full year. Dkt. 16; *See* Dkt. 11 at 3.

Probation acknowledges that Butler "has performed better on supervision in the last year." Dkt. 17 at 2. It does not support early termination however due to what it terms "sporadic acts of noncompliance," including using marijuana and traveling to Georgia without prior approval earlier in his term of supervision.[1] *Id.*

The Government also opposes early termination. Dkt. 18. It acknowledges that "there have been no violations within the past 12 months" and that "[Butler] is employed and living in an apparently stable and supportive environment." *Id.* at 1–2. But it asserts that the "totality of Butler's behavior" on supervision do not justify early termination. *Id.* at 2.

The Court concludes that early termination of supervision is appropriate at this time. Compliance with the conditions of supervised release for an extended period demonstrates rehabilitation and that the possibility of early termination provides incentive to defendants to do well on supervision. Butler demonstrated sustained compliance with the terms of his supervision for an entire year before renewing his motion for early termination of supervision. The Court commends Butler on his compliance and achieving a stable employment and home environment.

---

[1] Probation did not address the fact that in its memorandum opposing Butler's first motion for early termination, which was filed after the violations it references in its current opposition, it stated that "[i]f Mr. Butler is willing and able to remain in substantial compliance with all his conditions of supervised release for at least one year from the date of the most recent violation[], our office would be willing to reassess early termination." Dkt. 9 at 2.

Therefore, it is hereby **ORDERED** that Butler's motion to terminate supervision, Dkt. 16, is **GRANTED**.

Dated this 29th day of August, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge